IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIE OTIS HARRIS, JR.                §
                                       §
        Petitioner,                    §
                                       §
VS.                                    §
                                       §        NO. 3-97-CV-0053-D
RICK THALER, Director                  §
Texas Department of Criminal Justice,  §
Correctional Institutions Division     §
                                       §
        Respondent.                    §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Willie Otis Harris, Jr., a Texas prisoner, has filed a Rule 60(b) motion for relief

from the March 24, 1998 judgment denying his application for writ of habeas corpus. For the

reasons stated herein, the motion should be denied.

I.

In 1992, petitioner pled guilty to one murder and four aggravated robberies. Punishment was

assessed at 30 years confinement and a $750 fine for each conviction. All five convictions were

affirmed on direct appeal. *Harris v. State*, Nos. 05-92-01377-CR, 05-92-01378-CR, 05-92-01379-

CR, 05-92-01380-CR & 05-92-01381-CR, 1993 WL 378125 (Tex. App.--Dallas, Sept. 21, 1993, pet.

ref'd). Petitioner also sought post-conviction relief in state and federal court. One state writ was

denied without written order. *Ex parte Harris*, WR-25,360-02 (Tex. Crim. App. Jan. 10, 1996).

Five other state writs were dismissed as successive. *Ex parte Harris*, WR-25,360-05, WR-25,360-

06, WR-25,360-07, WR-25,360-08 & WR-25,360-09 (Tex. Crim. App. Jan. 21, 2009). One federal

writ was denied on the merits. *Harris v. Johnson*, No. 3-97-CV-0053-D (N.D. Tex. Mar. 24, 1998),

*COA denied*, No. 98-10507 (5th Cir. Oct. 26, 1998), *cert. denied*, 120 S.Ct. 98 (1999). A subsequent federal writ was dismissed without prejudice pending review by a three-judge panel of the court of appeals. *Harris v. Quarterman*, No. 3-09-CV-1060-O, 2009 WL 2254261 (N.D. Tex. Jul. 28, 2009), *COA denied*, No. 09-10946 (5th Cir. May 4, 2010). Undeterred, petitioner now challenges the 1998 judgment denying federal habeas relief on the ground that the district court improperly terminated a motion for leave to amend, thereby depriving him of the opportunity to raise additional arguments on federal habeas review, and then failed to accurately record the disposition of that motion on the docket. According to petitioner, such conduct renders the underlying judgment "void."

## II.

Under Fed. R. Civ. P. 60(b), a district court may grant relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Machinery & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrog. on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

The only Rule 60(b) requirement implicated by petitioner's motion is the one relating to void judgments.[1] "A judgment is not void merely because it is erroneous." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996), *quoting* 11 C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 1995). Rather, a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.*, *quoting Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984). Because the interests of finality require a court to exercise caution in reopening a final judgment, the concept of a void judgment under Rule 60(b) is narrowly construed. *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998).

Petitioner does not argue that the court lacked subject matter jurisdiction or jurisdiction over the parties. Instead, he criticizes the court for improperly terminating a motion for leave to amend, thereby depriving him of the opportunity to raise additional arguments in support of his federal writ, and then failing to accurately record the disposition of that motion on the docket. Even if these allegations rise to the level of a constitutional violation, they are patently frivolous. Petitioner was sent a copy of the magistrate judge's February 19, 1998 recommendation denying habeas relief, (*see* Doc. #23), as well as the district court's March 24, 1998 order adopting that recommendation. Indeed, petitioner timely perfected an appeal from the final judgment entered in this case. Upon receipt of the magistrate judge's recommendation, petitioner had actual knowledge of the grounds considered by the court in disposing of his federal writ. If petitioner believed that the court erred in failing to consider the arguments set forth in his proposed amended writ, he could have raised that issue on direct appeal. On these facts, there can be no due process violation.

---

[1] Although petitioner also pleads "excusable neglect," "clerical errors," "newly discovered evidence," and "fraud," (*see* Pet. Mot. at 1), none of the facts alleged in his motion implicate those grounds.

To the extent petitioner believes that "exceptional circumstances" warrant setting aside the judgment and reopening this case, there is no indication of what those "exceptional circumstances" might be. There simply is no basis in fact or law for Rule 60(b) relief.

## RECOMMENDATION

Petitioner's Rule 60(b) motion [Doc. #32] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 31, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE